UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>PH DIP INC.,<br>　　　　　　　Debtor.<br>_____<br>YU ZHENG,<br>　　　　　　　Plaintiff,<br>　　v.<br>JAMES WONG,<br>　　　　　　　Defendant.<br>_____ | District Court Case No.<br>2:23-cv-02843-DMG<br><br>Bankruptcy Court Case No.<br>2:18-bk-15972-WB<br><br>Adversary Case No.<br>2:20-ap-01691-WB<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES BANKRUPTCY JUDGE ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on the Report and Recommendation of the United States Bankruptcy Court ("R&R" or "Report"), filed herein on April 17, 2023. [Doc. # 2.][1] The Bankruptcy Court has elected to treat this adversary proceeding as a non-core

---

[1] **Error! Main Document Only.**"Doc. #" denotes the docket number assigned to the document upon the filing of the document with the CM/ECF filing system of the District Court. "ABC Doc. #" denotes the docket number as to documents filed in the Bankruptcy Court and in connection with the adversary proceeding, No. 2:20-ap-01691-WB. "BC Doc. #" denotes the docket number as to

matter under 28 U.S.C. §157(c) and has submitted to this Court its R&R on Defendant James Wong's Motion for Summary Judgment ("MSJ"). [ABC Doc. ## 104-107.]

Pursuant to 28 U.S.C. § 157(c), the Court has reviewed Plaintiff Yu Zheng's (also known as Brian Zheng) First Amended Complaint [ABC Doc. #19], Wong's Motion, Zheng's Opposition [ABC Doc. ## 114–116], Wong's Reply [ABC Doc. ## 117–118], the R&R, Zheng's Objection to the R&R [Doc. # 3], Wong's Response [Doc. # 10 ("Objs. Resp.")], and the remaining record, and has made a *de novo* determination. The Court approves and adopts the Report and Recommendation and overrules all Objections.

The Bankruptcy Judge recommends granting Defendant Wong's Motion and entering judgment in his favor based on the application of quasi-judicial immunity. For the following reasons, Zheng's Objections do not warrant a change to the Bankruptcy Judge's findings or recommendation.

Zheng objects to the Bankruptcy Court's application of quasi-judicial immunity. *See* Objections at 5 [Doc. # 3]. Zheng makes five objections to the R&R. *Id.* at 5–7. Each objection is addressed below.

First, Zheng objects that the Report incorrectly finds that Wong was acting within the scope of his authority as Chief Restructuring Officer ("CRO") of Debtor PH DIP, Inc., formerly known as Playhut, Inc. ("Debtor"), when Wong held the Artwork[2] at issue in this action as "hostage" to use as leverage against Zheng. *Id.* at 5 (citing R&R at 15–16); *see also id.* at 8–13. The Bankruptcy Court looked to the duties and responsibilities of the CRO as delineated by the appointment motion. *See* R&R at 6–7, n.5. Ultimately, the Bankruptcy Court found that the CRO acted within the scope of his authority under the CRO order with respect to the Artwork. *See id.* at 15–16. Even though the parties dispute ownership of the Artwork, the R&R explains that the actual ownership of the

---

documents filed in the Bankruptcy Court and in connection with the core proceeding, 2:18-bk-15972-WB.

[2] "Artwork" is defined as 40 pieces of art stored at PH DIP, Inc.'s warehouse. *See* R&R 2–3.

Artwork is immaterial because it is still "incumbent" on Wong to determine the Artwork's ownership and disposition, which he did. *Id.* at 9, 17.

If the estate had an interest in the Artwork, Wong was acting within his authority as CRO to "maximize value for the estate." R&R at 15–16. Moreover, Zheng's reliance on *Leonard v. Vrooman* is misplaced. *See* Objs. At 8 (citing *Leonard*, 383 F.2d 556, 560 (9th Cir. 1967)). In *Leonard*, a receiver took forcible possession and effected a lockout of a piece of real property that may have belonged to the debtor. *Id.* at 558. Although there had been a questionable transfer of the property in question, the debtor was not the legal owner of that piece of real property at that time. *Id.* By taking forcible possession of the building, the receiver for the bankruptcy estate acted outside of his authority. *Id.* at 560. Here, the CRO already had access to the Debtor's warehouse by virtue of his appointment as CRO, and the Debtor's warehouse contained the disputed Artwork. *See* R&R at 6–7, n.5 (describing Wong's authority as CRO). The Bankruptcy Judge did not err in finding that Wong was acting within his authority with respect to the Artwork, nor is there any evidence of bad faith in his performance of his duties. *Cf.* Objs. at 19–20. Indeed, Zheng's objections "make[] no new arguments that quasi-judicial immunity should not apply" and the Court overrules any such objections. *See* Objs. Resp. at 4, 11–12.

Next, Zheng objects that the Report incorrectly disregarded portions of his declaration concerning when Zheng apprised Wong of his ownership over the Artwork, on the basis that the declaration was conclusory and self-serving. Objs. at 13–15; *see also* R&R at 16–17. The Bankruptcy Court correctly found that the relevant statement lacked sufficient detailed supporting facts to create a dispute of material fact. *See* R&R at 16–17 (citing, *inter alia*, *SEC v. Phan*, 500 F.3d 895, 910 (9th Cir. 2007)); *see also F.T.C. v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997), *as amended* (Apr. 11, 1997); Objs. Resp. at 3, 11.

Additionally, Zheng objects to the Bankruptcy Court's finding that "Wong, as CRO, was the functional equivalent of a chapter 11 trustee." Objs. at 20–22. Again, the

Bankruptcy Court concluded that he was acting as a CRO with clearly delineated duties, and the Ninth Circuit's "functional approach" compels the conclusion that he is entitled to quasi-judicial immunity.  *See* R&R at 14–15; *see also Burton v. Infinity Capital Mgmt.*, 862 F.3d 740, 747–48 (9th Cir. 2017) (citation omitted).  Under controlling Ninth Circuit precedent, bankruptcy trustees and "court appointed officers who represent the estate are the functional equivalent of a trustee." *In re Harris*, 590 F.3d 730, 742 (9th Cir. 2009) (quoting *In re Crown Vantage, Inc.*, 421 F.3d 963, 973 (9th Cir. 2005); *see also Bennett v. Williams*, 892 F.2d 822, 823 (9th Cir. 1989) ("Bankruptcy trustees are entitled to broad immunity from suit when acting within the scope of their authority and pursuant to court order.").  Here, Zheng merely disagrees that a CRO is a functional equivalent to a trustee, and points to contrary and unpersuasive authority.  *See* Objs. at 21–22.  Zheng has failed to identify any error by the Bankruptcy Court.

Lastly, Zheng objects to the portion of the Report where the Bankruptcy Court finds that "Wong was acting within the scope of his authority when he performed his duties on behalf of Debtor to fulfill Debtor's obligations under the Sale Order."  Objs. at 22 – 24; *see also* R&R at 18.  Zheng argues that Wong was not acting within his authority as CRO with respect to the Personal Data contained on Debtor's computers which was sold to the buyer "Basic Fun."[3]  *Id.*  Zheng mischaracterizes the facts to argue that Wong withheld the Personal Data from him, but the undisputed facts demonstrate that Wong did not learn about the Personal Data until after Wong, as CRO, sold substantially all of Debtor's assets pursuant to the Sale Order.  *See* R&R at 17; Objs. Resp. at 13.  The Sale Order was entered into on October 3, 2018 and Zheng reached out to Wong on October 7, 2018, after the Sale Order's entry.  *Id.* at 17, 8–9, 10.  While Zheng admitted in the FAC that he stored the Personal Data on Debtor's servers, *see id.* at 3, his objections ignore that Wong had the authority and permission of the Bankruptcy

---

[3] "Personal Data is defined as "personal data, design files, accounting files, business contact information and more ("Personal Data"), on Debtor's server (FAC ¶¶10–11)."  R&R at 3.

Court to sell the Debtor's property as CRO and through the Sale Order. *Id.* at 8–9. Zheng's argument that the "Personal Data" was not listed in the assets is of no consequence. *See* Objs. at 23–24. As the Report points out, the CRO was authorized to sell the Debtor's assets pursuant to the Asset Purchase Agreement ("APA"), which included all "records," defined to include the type of information in the Personal Data. *See* R&R at 8–9, 17–18. This objection has no merit. *See* Objs. Resp. at 13.

In sum, Zheng's objections are overruled.

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;
2. Judgment be entered in favor of Defendant James Wong; and
3. The Clerk serve copies of this Order on the parties.

**IT IS SO ORDERED.**

DATED: January 5, 2024

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE